1   Mike Arias, Esq. (CSB #115385)
   marias@aogllp.com
2   Samantha A. Smith, Esq. (CSB #233331)
   ssmith@aogllp.com
3   **ARIAS OZZELLO & GIGNAC LLP**
   6701 Center Drive West, 14th Floor
4   Los Angeles, California 90045-1558
   Telephone: (310) 670-1600
5   Facsimile:  (310) 670-1231

6   J. Paul Gignac (CSB #125676)
   j.paul@aogllp.com
7   Helen Kim(CSB # 260195)
   hkim@aogllp.com
8   **ARIAS OZZELLO & GIGNAC LLP**
   115 S. La Cumbre Lane, Suite 300
9   Santa Barbara, California 93105
   Telephone: (805) 683-7400
10   Facsimile:  (805) 683-7401

11   Attorneys for Class Plaintiff

12          **UNITED STATES DISTRICT COURT**

13          **CENTRAL DISTRICT OF CALIFORNIA**

14          **WESTERN DIVISION**

CV 11 - 06738 CBM (FFMx)

15   ANITA WHITE, an Individual; on Her    Case No.:
   Own Behalf and on Behalf of All Others
16   Similarly Situated,        **CLASS ACTION**

17                     **COMPLAINT FOR:**

18           Plaintiff,

19     vs.              1)  **VIOLATION OF THE ELECTRONIC FUNDS TRANSFER ACT (15. U.S.C. §1693e);**

20

21   EDEBITPAY, L.L.C., a Nevada
   Corporation; PLATINUM ONLINE    2)  **VIOLATION OF THE CONSUMERS LEGAL**
22   GROUP, LLC, a California Corporation;    **REMEDIES ACT (CAL. CIV.**
   UNIFIED SAVINGS, a Wyoming    **CODE §§1750, et seq.);**
23   Corporation; DALE PAUL
   CLEVELAND, an Individual;    3)  **VIOLATION OF CAL. BUS.**
24   WILLIAM RICHARD WILSON, an    **AND PROF. CODE §§17200, et**
   Individual; and DOES 1 through100,    **seq.;**
25   Inclusive,

                              4)  **CONVERSION;**
26            Defendants.

                              5)  **FRAUD AND DECEIT;**
27

                              6)  **INVASION OF PRIVACY.**
28

                              **JURY TRIAL DEMAND**

**COMPLAINT**

ARIAS OZZELLO & GIGNAC LLP

## NATURE OF THE ACTION

1.     All allegations in this Complaint are based upon information and belief except for those allegations which pertain to the Plaintiff named herein and her counsel.   Each allegation in this Complaint either has eviden tiary support or, pursuant to Rules 8(e)(2) and 11(b)(3) of the FED. RULES OF CIV. PROC., is likely to have evidentiary support after a reasonable opportunity for further investigation and discovery.

2.     This action arises from the unlawful, unfair and fraudul ent business practices of capturing consumers' bank account information  from loan applications and debiting or withdrawing sums of money from consumer bank accounts for unrelated fictitious products without their knowledge or consent.

## JURISDICTION AND VENUE

3.     Jurisdiction is proper in this Court pursuant to 28 U.S.C. §1331 because this matter involves a federal question, na mely a violation of 15 U.S.C. §1693e.   Jurisdiction is also conferr ed on this Court by 28 U.S.C. §1332(d), as amended by the Class Acti on Fairness Act of 2005.   In addition, under 28 U.S.C. §1367, this Court may exercise supplemental jurisdiction over the state law claims because all of the claims are derived from a common nucleus of operative facts,  such that Plaintiff ordinarily would e xpect to try them in one judicial proceeding.

4.     Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b)(2) and §1446(a) because one or more of the defendants transacts substantial business within, and is subject to personal jurisdiction i n, this judicial district and a substantial part of the events giving rise to the claims asserted herein took place in this judicial district.

/ / /

/ / /

COMPLAINT

**ARIAS OZZELLO & GIGNAC LLP**

# THE PARTIES

## PLAINTIFF

3.     Plaintiff Anita White is, and at all times relevant to this action was:

      a.     A resident of Los Angeles County, State of California;

      b.     A senior citizen over the age of 65 on a limited fixed income; and

      c.     An online applicant for a short term loan through United Cash Loans and 500 Fast Cash.

## DEFENDANTS

4.     Defendant EDebitPay, LLC ("EDP") is, and at all times relevant to the action was:

      a.     A business entity created in Nevada with its principal place of business and headquarters at 15165 Ventura Blvd., Suite 200, Sherman Oaks, CA 91403; and

      b.     Licensed to conduct and conducting business in California as an online affiliate and marketing service provider of financially oriented products and services.

5.     Defendant Platinum Online Group, LLC ("POG") is, and at all times relevant to the action was, a business entity created under California law with its principal place of business and headquarters at 15165 Ventura Blvd., Suite 200, Sherman Oaks, CA 91403.  Defendant POG transacts or transacted business in this district.

6.     Defendant Unified Savings is, and at all times relevant to the action was, a business entity created under Wyoming law with its principal place of business and headquarters at 1201 N. Orange St. Suite 7031, Wilmington, DE 19801.  Defendant Unified Savings transacts or has transacted business in this district.

**COMPLAINT**

7.     Defendant Dale Paul Cleveland is, and at all times relevant to the action was:

      a.     A member, manager, president, and the majority owner of EDP;

      b.     An individual who resides in and transacts or has transacted business in this district; and

      c.     An individual who, acting alone or in concert with others, formulated, directed, controlled, or participated in the acts and practices of Defendants EDP, POG and Unified Savings as alleged in this Complaint.

8.     Defendant William Richard Wilson is, and at all times relevant to the action was:

      a.     A managing member of EDP;

      b.     An individual who resides in and transacts or has transacted business in this district; and

      c.     An individual who, acting alone or in concert with others, formulated, directed, controlled, or participated in the acts and practices of Defendants EDP, POG and Unified Savings as alleged in this Complaint.

9.     Plaintiff is unaware of the true names, identities and capacities of the Defendants sued herein as DOES 1 through 100.  Plaintiff will amend this Complaint to allege the true names and capacities of DOES 1 through 100 when ascertained.  Plaintiff is informed and believes, and thereupon alleges, that each of the Defendants sued herein as a DOE is legally responsible in some manner for the events and happenings set forth herein and has proximately caused injuries and damages to Plaintiff as set forth below.

10.    As used herein, "Defendants" shall mean and refer to EDP, POG, Unified Savings, Dale Cleveland, William Wilson and DOES 1 through 100, collectively.

11.    Whenever, in this Complaint, reference is made to any act, deed or

**COMPLAINT**

ARIAS OZZELLO & GIGNAC LLP

conduct of Defendants, the allegation means that Defendants engaged in the act, deed or conduct by or through one or more of their officers, directors, agents, employees or representatives who was actively engaged in the management, direction, control or transaction of the ordinary business and affairs of Defendants.

## COMMON ENTERPRISE

12.    Defendants have operated together as a common enterprise while engaging in the unfair and deceptive acts and practices alleged below. These Defendants have conducted the business practices described below through an interrelated network of companies with common ownership, officers, managers, employees, locations, and business functions. Individual Defendants Cleveland and Wilson have formulated, directed, and/or controll ed, or had authority to control, or participated in the acts and practices of Defendants EDP, POG and Unified Savings that comprise the common enterprise. Because Defendants EDP, POG and Unified Savings acted as a common enterprise, each of them is jointly and severally liable for the unfair and deceptive acts and practices alleged below. The common enterprise transacts or has transacted business in this district, and a substantial part of the events or omissions giving rise to the claims asserted herein ha ve occurred in this district.

## ALTER EGO ALLEGATIONS

13.    Plaintiff is informed and believes, and based upon that information and belief alleges, that:

a.    Defendants POG and Unified Savings are, and at all relevant times were, mere shells without capital, assets, s tock or stockholders;

b.    Defendants POG and Unified Savings are, and at all relevant times were, the alter ego of Defendant EDP and/or Defendant Does 1 through 100, inclusive, and each of them, who were the controlling shareholders,

ARIAS OZZELLO & GIGNAC LLP

1   officers, directors or partners of Defendants POG and Unified Savings;

2          c.    There is, and at all relevant times was, a unity of interest

3   and/or ownership between all of these Defendants so that any individuality or

4   separateness between them has ceased to exist in that POG and Unified

5   Savings are and were under their control and domination; and,

6          d.    Defendants POG and Unified Savings are, and at all relevant

7   times were, completely controlled, dominated, managed and operated by

8   Defendant EDP and/or Defendant Does 1 through 100, so that Defenda nts

9   POG and Unified Savings were mere shells, instrumentalities and/or conduits

10   through which each of these Defendants conducted some or all of their/its

11   business. Adherence to the fiction of the separate existence of Defendants

12   POG and Unified Savings as entities distinct from Defendant EDP and/or

13   Defendant Does 1 through 100, would permit an abuse of the corporate

14   privilege and sanction fraud or promote injustice in that, among other things, it

15   would enable each of these Defendants to avoid liability and  to defraud his, her

16   or its creditors, the effect of which would be to render each Defendant

17   financially unable to respond to a monetary judgment awarded against each or

18   any of them in this action.

19   **CLASS ALLEGATIONS**

20       14.   Plaintiff brings this action on behalf o f herself and all other

21   persons similarly situated pursuant to Rule 23 of the FED. RULES OF CIV. PROC.

22   Subject to confirmation, clarification and/or modification based on discovery

23   to be conducted in this action, Plaintiff seeks to represent a nationwide class

24   ("the Class") defined as follows:

25          All persons who applied for a short term loan and
       whose account was debited by Defendants for another
26          product without their authorization.  Not included
       within the Class are Defendants and their officers,
27          directors, employees, agents and/or affiliates.

28

ARIAS OZZELLO & GIGNAC LLP

**COMPLAINT**

15.     Subject to confirmation, clarification and/or modification based on discovery to be conducted in this action, Plaintiff also seeks to represent a California resident subclass ("the California Subclass") defined as follows:

> All persons in California who applied for a short term loan and whose account was debited by Defendants for another product without their authorization. Not included within the California Subclass are Defendants and their officers, directors, employees, agents and/or affiliates.

16.     As used herein, "Class Members" shall mean and refer to the members of the Class and/or the members of the California Subclass.

17.     The Class is comprised of hundreds, if not thousands, of persons geographically dispersed throughout the United States, the joinder of whom in one action is impracticable under FED. RULES OF CIV. PROC., RULE 23(a)(1), and the disposition of their claims in a class action will provide substantial benefits to both the parties and the Court.

18.     Members of the Class can be identified through Defendants' internal databases and documents. Defendants' demand drafts, which they create and issue to consumers' banks, contain each consumer's name, address and bank account information. Thus, the name and address of each Class Member is readily identifiable, and the Class Members can be located and notified of the specificity of the pendency of this action using techniques and a form of notice customarily used in class action litigation.

19.     Plaintiff's claims are typical of the members of the Class as a whole under FED. RULES OF CIV. PROC., RULE 23(a)(3) because of the similarity, uniformity, and common purpose of the unlawful conduct of Defendants. Each Class Member applied for a short term loan online. Each Class Member was debited for an unrelated product without their express consent, sustaining damage as a result of Defendants' wrongful conduct in

COMPLAINT

violation of federal and state statutes, as well as general principles of equity and fair play.

20.    Plaintiff will fairly and adequately protect the members of the Class as required by FED. RULES OF CIV. PROC., RULE 23(a)(4) as she has retained competent counsel who are experienced in federal and state class action claims such as those asserted in this case.

21.    A class action is superior to all other methods for the just, fair, and efficient adjudication of this controversy under FED. RULES OF CIV. PROC., RULE 23(b)(3) since joinder of all members is impracticable. Furthermore, the damages suffered by individual Class Members are not sufficient to justify the enormous cost associated with the prosecution of individual litigation of their claims.  The expense and burden posed by such individual litigation make it impossible for the Class Members to individually redress the wrong don e to them, nor would such an individual case be adequate to ensure that such practices cease to harm others.  Further, there will be no difficulty in the management of this action as a class action.

22.    Common questions of law and fact exis t as to the class members, as required by FED. RULES OF CIV. PROC., RULE 23(a)(2), and predominate over any questions that affect only individual class members within the meaning of FED. RULES OF CIV. PROC., RULE 23(b)(3).  Among such common questions of law and fact are the following:

       a.    Are Defendants operating together as a common enterprise?

       b.    Did Defendants capture the Class Members' account information without their express consent?

       c.    Did Defendants debit Class Members' bank accounts for unrelated products without their expres s consent?

       d.    Did Defendants act fraudulently?

       e.    Did Defendants act willfully or recklessly?

ARIAS OZZELLO & GIGNAC LLP

COMPLAINT

f.     Did Defendants' acts, as alleged herein, violate federal statutes, California statutes, and/or general principles of equity and fair play?

g.     What amount of damages have Class Members sustained as a result of Defendants' wrongful conduct, and what is the proper measure of such damages?

h.     What restitution is due to Class Members?

23.    Plaintiff is unaware of any difficulty that could be encountered in the management of this litigation that would preclude its maintenance as a class action.

## THE CONDUCT
## BACKGROUND

24.    Founded in 2002, Defendant EDP operates primarily as an online marketing service provider of financial services, such as short term loans and prepaid debit cards, through a variety of shell corporations, including but not limited to POG and Unified Savings.

25.    Short term loan and prepaid debit card sites require consumers to provide their bank account information, address, date of birth, employment information including income, social security number and driver's license number to facilitate the consumer's request for the loan.

26.    Once a consumer provides his/her financial information, Defendant EDP (or one of its affiliates) captures the information, without the consumer's knowledge or consent, and debits or withdraws money from the consumer's account.   EDP debits, or causes to be debited, money from consumers' bank accounts through remotely created checks, also known as demand drafts.[1]

_____

[1]  Demand drafts are checks remotely created by merchants with a consumer's checking account number on it, but without the consumer's original signature; instead, a signature disclaimer is placed in the signature line.

*ARIAS OZZELLO & GIGNAC LLP*

**COMPLAINT**

27.   Defendant EDP's target market is the underserved community of subprime consumers and seniors.

## FEDERAL TRADE COMMISSION INVESTIGATION,
## SETTLEMENT AND CONTEMPT AGAINST EDP

28.   Defendant EDP has a history of defrauding consumers through online marketing.  In July of 2007, the Federal Trade Commission ("FTC") filed a Complaint for Injunctive and Other Equitable Relief to stop Defendant EDP from unlawfully debiting consumers $159.95 for prepaid Visa and MasterCard cards without express informed consent.

29.   In January of 2008, the United States District Court for the Central District of California entered a Final Order for Permanent Injunction and Monetary Relief.  *FTC v. EDebitPay, LLC et al*, Case No. CV 07-4880 (Jan. 17, 2008).  According to the terms of the settlement, in addition to monetary relief, Defendant EDP was restrained and enjoined from, directly or indirectly, the following:

a.   Debiting, or causing to be debited, consumer bank accounts without expressed informed consent;

b.   Misrepresenting, or assisting others in misrepresenting, any fact material to a consumer's decision to apply for or purchase any product or service offered by Defendant;

c.   Failing to clearly and conspicuously disclose the costs, fees, or charges to obtain and use any prepaid card, debit card, or credit card;

d.   Failing to clearly and conspicuously disclose any fee, charge or bill that will be assessed to a consumer's bank account, or that consumers' billing information will be used to debit their accounts or sold to third parties for marketing purposes;

e.   Failing to resolve consumer complaints within thirty (30) days of receipt; and

ARIAS OZZELLO & GIGNAC LLP

**COMPLAINT**

f.     Failing to take reasonable steps to monitor and ensure compliance with the FTC settlement.

30.     In February of 2011, Defendant EDP was held in contempt of the January, 2008 Final Order for Permanent Injunction and Monetary Relief ("Order").   The Court held that Defendant's online products offered through two of their websites violated several sections of the settlement agreement. *Federal Trade Comn v. EDebitPay, LLC*, 2011 WL 486260 (C.D. Cal. 2011).

31.     The Court held that although Defendant disclosed the product it was offering, Defendant's disclosures were inadequate because they were in small font, in obscure locations on the websites and not in proximity to the general representations.  *Id*. at *4.  The Court's specifically pointed out that its Order is not limited to certain products, but applies to Defendants' marketing of *any* product or service.  *Id*. at *3.

## DEFENDANTS' PRESENT SCHEME

32.     Defendants operate, facilitate and/or work in conjunction with various short term loan websites that target the subprime community.

33.     Consumers are lured to the short term loan websites through email and online advertisements promising easy, fast cash.

34.     Once at the websites, consumers are directed to fill out an online application that requires consumers to provide their personal financial information, including their highly sensitive bank account information, in order to obtain a short term loan.

35.     Not long after consumers apply for a loan, Defendants unlawfully capture consumers' personal bank account information, obtained through the short term loan application process, and debit consumers' accounts for a variety of unrelated fictitious products in the hopes that the debit will go unnoticed.

36.     Consumers do not provide express consent to have their accounts

**COMPLAINT**

1    debited and have no knowledge of the transaction unless or until they notice it

2    on their bank statements.

3    **PLAINTIFF ANITA WHITE**

4    37.     Plaintiff is a senior citizen over the age of 65 on a limited fixed

5    income.

6    38.     In January, 2010, Plaintiff applied online for a short term loan

7    through United Cash Loans and 500 Fast Cash. To be considered for the loans,

8    Plaintiff filled out the online application and provided personal financial

9    information, including bank account information. Plaintiff also disclosed that

10    her only source of income was social security.

11    39.     On March 11, 2011, Defendants issued a remotely created check,

12    or demand draft, to Plaintiff's bank account in the amount of $99.90. The

13    demand draft was paid to the order of Unified Savings. The demand draf t

14    issued, and Plaintiff's account was debited without her consent.

15    40.     On March 18, 2011, Defendants issued a demand draft to

16    Plaintiff's bank account in the amount of $99.49. The demand draft was paid

17    to the order of Platinum Online Group – SavingsPays99. The demand draft

18    issued, and Plaintiff's account was debited without her consent.

19    41.     On March 25, 2011, Defendants issued a demand draft to

20    Plaintiff's bank account in the amount of $99.49. The demand draft was paid

21    to the order of Platinum Online Group – SavingsPays99 Redeposit. The

22    demand draft issued, and Plaintiff's account was debited without her consent.

23    42.     Because Plaintiff is on a limited fixed income, Plaintiff's account

24    became deficient when EDP began withdrawing money without her knowledge

25    or consent, causing Plaintiff to incur several insufficient fund fees from her

26    bank.

27    43.     Likewise, because EDP designs its demand draft to look like

28    personal checks, Plaintiff also incurred several returned check fees.

ARIAS OZZELLO & GIGNAC LLP

**COMPLAINT**

1

## CONSUMER COMPLAINTS

2      44.      Hundreds, if not thousands, of consumers have been defrauded by

3   Defendants.   Complaints posted on the internet demonstrate the breadth of

4   Defendants' unlawful practices under the SavingsPays99 and the Unified

5   Savings scheme:

6      SavingsPays99:

7   • I applied for a payday loan but never authorized this company
8     to take funds out of my checking account thus causing me to
      have overdraft charges with my bank and I want my money
9     back in my account[2]

10  • I just had surgery on my left hand and will be out of
11    commission for approximately 6 weeks, maybe longer. Just
      received notice from my bank that I had a check numbered
12    #6354035 for $99.49 that had been presented for payment
13    resulting in overdraft payments due to the non clear of other
      checks that had been written. These resulting over draft charges
14    amounting to $136.00 made me hopping mad.[3]

15    This company Platinum Online Group - Saving Pays 99 are
16    nothing but a bunch of greedy thieves that will stop at nothing
      to steal from you by hacking into your so called protected on
17    line information. I had to secure an online loan when I got out
18    of the hospital, to secure necessary meds, and I am on a fixed
      income that results in every penny is needed to pay, house
19    payment, utilities, groceries and incidentals by the time this is
20    done each month when retirement check comes in there is
      nothing left over.  The no good carpet baggers in this company
21    are a bunch of dirty b*%&$#*s who prey upon the poor.[4]

22  _____

23  [2] Posted April 29, 2011 at
24  http://www.complaintsboard.com/complaints/platinnum -online-group-savings-
    pays-99-c448277.html, last accessed on July 26, 2011.

25  [3] Posted June 6, 2011 at http://www.scaminformer.com/scam -report/platinum-
26  online-group-savingspays99-platinum-online-group-c34810.html, last accessed
    on August 8, 2011.

27  [4] Posted June 7, 2011 at http://www.ripoffreport.com/organized -
28  crime/platinum-online-grou/platinum-online-group-savingsp-56e93.htm, last
    accessed July 26, 2011.

## COMPLAINT

ARIAS OZZELLO & GIGNAC LLP

ARIAS OZZELLO & GIGNAC LLP

- I was ripped Off by Platinum Online Group for $99.49 against my Savings Account.  I just got out of the hospital with a broken back literally. I just had major surgery. I have a lawsuit going and requested a lawsuit loan from a legitimate company. Platinum Online Group "hacked" into my Account and tool \k out $99.49 without my permission or my lawyers or banks knowledge.  They robbed me at a severe time in my life. I'm calling out the FBI, AG, etc.. I want this money back and I want them prosecuted to the full. I'm incensed.!!!!!!!! RB [5]

- I was researching payday loans online. Filled out basic info. Didn't like any of the offers. Never signed for anything and when I checked my bank account today 99.49 had been withdrawn from my bank by this company. [6]

Unified Savings

- Checked account balance on line an noticed unified savings had deducted 99.90 from my account which cost me an a dditional 35.00 over draft fee.  I have not signed any papers nor have I given any permission for this company to draft any monies from my account [7]

- Electronic check for $99.90 posted to my checking account. Did not authorize this charge nor have any conta ct with them. Still trying to resolve the refund with them to no avail. Spoke with Amy who was supposed to be issuing a refund. Closed my checking account. Refund is still not issued and I am unable to reach anyone. [8]

---

[5] Posted November 19, 2010 at http://www.ripoffreport.com/banks/platinum -online-grou/platinum-online-group-saving-c4d2f.htm, last accessed June 26, 2011.

[6] Posted May 13, 2011 at http://www.ripoffreport.com/internet -fraud/platinum-online-grou/platinum-online-group-savingsp-5e7c4.htm, last accessed July 26, 2011.

[7] Posted June 27, 2011 at http://www.scambook.com/report/view/1790/Unified -Savings-False-Advertising-for-134.90-on-06-06-2011, last accessed July 26, 2011.

[8] Posted July 23, 2011 at http://www.scambook.com/report/view/6333/Unified -Savings-False-Advertising-for-99.90-on-04-27-2011, last accessed July 26, 2011.

COMPLAINT

- I was looking for a Loan.. filled everything out. They asked for an account number. what I thought was a deposit in my account but only to find out they took it out instead .. I want this canceled ..[9]

- NSF RETURN ITEM FEE FOR ITEM $99.90 07/18 CHECK # 09999, I saw this transaction in my online bank services, I got curious, because I haven't written a check in over a year. When I called, they told me it was a electronic charge from a company(Unified Savings), who I have never heard of before, nor gave them permission to uphold personal banking in fo, and non the less granted permission to access funds. This affects me widely considering I'm in a time of need, and have countless of bills to pay.[10]

## FIRST CLAIM FOR RELIEF

## ELECTRONIC FUNDS AND TRANSFER ACT, 15 U.S.C. §1693e

### (On Behalf of Plaintiff, the Class and the California Subclass)

45.     Plaintiff realleges and incorporates by reference each and all of the allegations contained in ¶¶ 1-44 above.

46.     It is unlawful, under the Electronic Funds and Transfer Act ("EFTA"), to initiate an electronic fund transfer without written consent from the account holder. 15 U.S.C. §1693e.

47.     An "unauthorized electronic fund transfer" is defined at 15 U.S.C. §1693a(11) as "an electronic fund transfer from a consumer's account initiated by a person other than the consumer with out actual authority to initiate such transfer and from which the consumer receives no benefit ."

---

[9] Posted on July 22, 2011 at http://www.scambook.com/report/view/6087/Unified -Savings-Other-for-99.90-on-07-21-2011, last accessed on July 26, 2011.

[10] Posted on July 19, 2011 at http://www.scambook.com/report/view/5570/Unified -Savings-Unauthorized-Credit-Card-Charge-for-35.00-on-07-19-2011, last accessed on July 26, 2011.

COMPLAINT

1    48.    Defendants' practices violate §1693e of the EFTA as Defendants

2    did not obtain consent in writing to initiate the electronic fund transfers

3    described herein.  15 U.S.C. §1693e.

4    49.    As a direct and proximate result of Defendants' violations of the

5    EFTA, Plaintiff and the other Class Members have been damaged in an amount

6    according to proof at trial.

7                        **SECOND CLAIM FOR RELIEF**

8                    **CONSUMERS LEGAL REMEDIES ACT**

9            **(On Behalf of Plaintiff and the California Subclass)**

10    50.    Plaintiff realleges and incorporates by reference each and all of the

11    allegations contained in ¶¶ 1-49 above.

12    51.    This claim for relief is brought pursuant to the Consumers Legal

13    Remedies Act, CAL. CIV. CODE §§1750, *et seq.* ("CLRA").

14    52.    The policies, acts and practices of Defendants as described above

15    were intended to deceive Plaintiff and the Class Members and have resulted

16    (and will result) in monetary loss.  These actions violated and continue to

17    violate the CLRA in, at least, the following respect:

18            a.    In violation of §1770(a)(3) of the CLRA, Defendants' acts

19    and practices constitute the use of deceptive representations and/or omissions

20    in connection with the source of the products in question;

21            b.    In violation of §1770(a)(4) of the CLRA, Defendants' acts

22    and practices constitute the use of deceptive representations and/or omissions

23    in connection with the origin of products in question;

24            c.    In violation of §1770(a)(5) of the CLRA, Defendants' acts

25    and practices constitute the use of deceptive representations and/or omissions

26    with regard to their sponsorship, approval, status, affiliation or connection with

27    the short term loan companies; and

28            d.    In violation of §1770(a)(14) of the CLRA, Defendants' acts

ARIAS OZZELLO & GIGNAC LLP

**COMPLAINT**

1    and practices constitute the use of deceptive representations and/or omissions

2    in connection with their unlawful transactions.

3         53.    By reason of the foregoing, Plaintiff and the Class Members have

4    been (and will continue to be) harmed.

5         54.    Pursuant to CAL. CIV. CODE §1750, *et seq*., Plaintiff issued a

6    demand for adequate remedies under the CLRA.   After waiting the requisite

7    thirty (30) days, Plaintiff will invoke her right to request damages, including

8    but not limited to, actual, consequential, general, and punitive damages, as

9    well as all authorized civil penalties, including up to $5,000 for each Class

10   Member who is a senior citizen.

**THIRD CLAIM FOR RELIEF**

**UNLAWFUL, FRAUDULENT AND UNFAIR BUSINESS ACTS AND**

**PRACTICES IN VIOLATION OF CAL. BUS. AND PROF. CODE**

**§§17200, *et seq*.**

**(On Behalf of Plaintiff and the California Subclass)**

16        55.    Plaintiff realleges and incorporates by reference each and all of the

17   allegations contained in ¶¶ 1-54 above.

18        56.    CAL. BUS. & PROF. CODE §§17200, *et seq*., prohibits acts of unfair

19   competition which means and includes any "unlawful ... business act or

20   practice."

21        57.    The policies, acts and practices alleged herein were intentional and

22   resulted in unauthorized debits on Plaintiff and Class Members bank accounts

23   which violate and continue to violate the EFTA and the CLRA, specifically

24   §§1770(a)(3), (a)(4), (a)(5), and (a)(14).

25        58.    Defendants, as set forth in this Complaint, *supra*, engaged in

26   unlawful, unfair and fraudulent business practices, consisting of acts and

27   omissions that include, but are not limited to:

28             a.     Fraudulent concealment of material facts, when Defendants

ARIAS OZZELLO & GIGNAC LLP

**COMPLAINT**

had an affirmative duty to disclose those facts to consumers;

b.    Failure to disclose to consumers that they would be debited for unrelated products when they applied for short term loans online;

c.    Violation of the Consumer Protection Against Computer Spyware Act, CAL. BUS. & PROF. CODE §22947 *et seq.*;

d.    Violation of the Final Order for Permanent Injunction and Monetary Relief in *FTC v. EDebitPay, LLC et al*, Case No. CV 07-4880 (Jan. 17, 2008, C.D. Cal);

e.    Violation of the Electronic Funds and Transfer Act, 15 U.S.C. §1693e; and

f.    Any other common and statutory laws which prohibit the debit and withdrawal of money from consumers' bank accounts without their permission.

59.    Defendants' conduct violates CAL. BUS. & PROF. CODE §§ 17200, *et seq.*, in that Defendants either were, or reasonably should have been, aware that the unauthorized debits and withdrawal of money from consumers' bank accounts for fictitious products is unlawful under the circumstances. If Defendants had honestly disclosed their practices, consumers, including Plaintiff and Class Members, would have had the opportunity to freely choose another short term loan company.

60.    CAL. BUS. & PROF. CODE §§ 17200, *et seq.*, also prohibits acts of unfair competition, which shall mean and include any unfair or fraudulent business acts or practice. As more fully described above, Defendants unauthorized debits and withdrawals of money from consumers' bank accounts for fictitious products and Defendants' deceptive misrepresentations and/or omissions regarding the same constitute an unfair business act or practice within the meaning of CAL. BUS. & PROF. CODE §§ 17200, *et seq.*, in that the justification for Defendants' conduct is outweighed by the gravity of the

**COMPLAINT**

1  consequences to Plaintiff and the Class Members.

2       61.    Defendants' acts as described above also deceive Plaintiff and

3  Class Members, constituting a fraudulent business act or practice.   Such

4  conduct is ongoing and continues to this date.   As a result of Defendants'

5  conduct described above, Plaintiff and Class Members seek judicial orders of

6  an equitable nature against all Defendants, including, but not limited to, orders

7  declaring that such practices are unlawful, unfair, fraudulent and/or deceptive,

8  and enjoining Defendants from undertaking any further unfair, unlawful,

9  fraudulent, and/or deceptive acts or omissions.

10  ## FOURTH CLAIM FOR RELIEF

11  ## CONVERSION

12  **(On Behalf of Plaintiff and the California Subclass)**

13       62.    Plaintiff realleges and incorporates by reference each and all of the

14  allegations contained in ¶¶ 1-61 above.

15       63.    Defendants have converted to their own use, property belonging to

16  Plaintiff and the Class Members through unlawful acts and conduct.

17       64.    Defendants knowingly or intentionally debited and withdrew

18  money for fictitious products from consumers' bank accounts, including

19  Plaintiff and the Class Members.   Defendants obtained money from consumers

20  through fraud and/or deception.   Defendants thus converted to their own use

21  property, specifically monies, belonging to Plaintiff and the Class Members.

22       65.    The specific sum of money of Plaintiff and the Class Members that

23  was converted by Defendants is readily identifiable from information and

24  records in Defendants' possession or control.

25       66.    As a direct and proximate result of Defendants' unlawful acts and

26  conduct, Plaintiff and the Class Members were deprived of the use of their

27  money and are thereby entitled to restoration of their monies, interest on these

28  monies from the date said monies were converted by Defendants to the date of

*ARIAS OZZELLO & GIGNAC LLP*

1   judgment, compensatory damages (including insufficient fund and returned

2   check fees paid by consumers due to Defendants' conversion of their money),

3   and punitive damages.

### FIFTH CLAIM FOR RELIEF

### FRAUD AND DECEIT

**(On Behalf of Plaintiff and the California Subclass)**

7   67.    Plaintiff realleges and incorporates by reference each and all of the

8   allegations contained in ¶¶ 1-66 above.

9   68.    The acts, conduct, and practices of Defendants, as alleged above,

10  were fraudulent and deceptive.

11  69.    Defendants concealed the fact that during the short term loan

12  process Defendants were purposefully and unlawfully capturing the personal

13  financial information of the short term loan applicants and subsequently

14  debiting and withdrawing money from their bank accounts, without their

15  permission or knowledge, for unrelated products.

16  70.    Plaintiff and the Class Members had no reason to believe when

17  they directly applied for a short term loan online that their personal financial

18  information would be hijacked by Defendants and used to debit and withdraw

19  money for unrelated products.

20  71.    Defendants knew, or should have known, that withdrawing money

21  from consumers' accounts without their permission was unlawful and would

22  harm consumers.

23  72.    Defendants purposefully never sent an invoice or bill or anything

24  else for that matter to Plaintiff or the Class Members informing them that their

25  bank accounts were going to be, or were in fact, debited.

26  73.    By concealing their actions and intentions, Defendants induced

27  Plaintiff and the Class Members to reasonably believe that they were making a

28  one-time application for a short term loan when in fact they were not.

ARIAS OZZELLO & GIGNAC LLP

**COMPLAINT**

74.   Defendants' suppression of the material facts set forth above and throughout this Complaint defrauded Plaintiff and the Class Members, and is in direct violation of statutes, as well as principles of common law warra nting punitive damages in an amount according to proof at the time of trial.

## SIXTH CLAIM FOR RELIEF

## INVASION OF PRIVACY

### (On Behalf of Plaintiff and the California Subclass)

75.   Plaintiff realleges and incorporates by reference each and all of the allegations contained in ¶¶ 1-74 above.

76.   Defendants concealed the fact that during the short term loan process Defendants were purposefully and unlawfully capturing the personal financial information of short term loan applicants and subsequently charging and withdrawing money from their bank accounts without their permission or knowledge.

77.   Defendants knew, or should have known, that withdrawing money from consumers' accounts without their permission was unlawful and would harm consumers.

78.   Plaintiff and the Class Members had a reasonable expectation of privacy with regard to their personal financial information when they applied for their online short term loan s. Defendants' practice of capturing consumers' personal financial information and subsequently withdrawing mo ney from their accounts without their permission is objectively unreasonable and offensive and goes beyond all bounds of decency and decorum.  By reason thereof, Plaintiff and the Class Members have suffered damage and are entitled to compensatory and puni tive relief in an amount according to proof at the time of trial.

/ / /

/ / /

COMPLAINT

**PRAYER FOR RELIEF**

79.   WHEREFORE, Plaintiff on behalf of herself and the Class Members prays for judgment and relief against Defendants as follows:

**ON ALL CLAIMS FOR RELIEF:**

a.    An order requiring Defendants to immediately cease all acts of unfair competition and enjoin ing Defendants from continuing to conduct business via the unlawful, unfair, or fraudulent business acts or practices as particularized herein;

b.    An order certifying that the action be maintained as a class action;

c.    An order preliminarily and/or permanently enjoining Defendants from pursuing the policies, acts, and practices complained of herein; and

d.    Reasonable attorneys' fees and costs of suit.

**ON THE FIRST CLAIM FOR RELIEF**

a.    Actual and compensatory damages in an amount to be proven at trial, including any damages as may be provided for by statute .

**ON THE SECOND CLAIM FOR RELIEF**

a.    Injunctive relief ordering the continuing unfair, unlawful and fraudulent business acts and practices t o cease.

**ON THE THIRD CLAIM FOR RELIEF**

a.    An order requiring Defendants to identify all Class members and pay restitution to Plaintiff and all Class Members so as to restore all funds acquired by any act or practice declared by this Court to be unlawful, fraudulent, or unfair business, in violation of applicable laws, statutes, or regulations or constituting unfair competition or u ntrue or misleading advertising.

/ / /

**COMPLAINT**

## ON THE FOURTH AND FIFTH CLAIMS FOR RELIEF

a. Restitution as may be provided for by equity and/o r by statute;

b. Actual and compensatory damages in an amount to be proven at trial, including any damages as may be provided for by statute; and

c. Exemplary and punitive damages.

## ON THE SIXTH CLAIM FOR RELIEF

a. Actual and compensatory damages in an amount to be proven at trial, including any damages as may be provided for by statute; and

b. Exemplary and punitive damages.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated: August 15, 2011          ARIAS OZZELLO & GIGNAC LLP

By: _____
MIKE ARIAS
SAMANTHA A. SMITH
J. PAUL GIGNAC
HELEN KIM

Attorneys for Plaintiff

COMPLAINT

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Consuelo B. Marshall and the assigned discovery Magistrate Judge is Frederick F. Mumm.

The case number on all documents filed with the Court should read as follows:

## CV11- 6738 CBM (FFMx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

==================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] Western Division | [ ] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)      NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANITA WHITE, an Individual; on Her Own Behalf and on Behalf of All Others Similarly Situated,<br><br>PLAINTIFF(S)<br><br>v.<br><br>EDEBITPAY, L.L.C., a Nevada Corporation; PLATINUM ONLINE GROUP, LLC, a California Corporation; UNIFIED SAVINGS, a Wyoming Corporation; DALE PAUL CLEVELAND, an Individual; WILLIAM RICHARD WILSON, an Individual; and DOES 1 through 100, inclusive, DEFENDANT(S). | CASE NUMBER<br><br>CV11-06738CBM(FFMx)<br><br><br><br>SUMMONS |

TO:   DEFENDANT(S): _____

  A lawsuit has been filed against you.

  Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached [X] complaint [ ] _____ amended complaint [ ] counterclaim [ ] cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, _Mike Arias, Esq._____ , whose address is _6701 Center Drive West, Suite 1400, Los Angeles, California 90045_____ . If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

  Clerk, U.S. District Court

Dated: __AUG 16 2011_____

  By: _____
      Deputy Clerk

      (Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

SUMMONS

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐ ) | DEFENDANTS |
|---|---|
| ANITA WHITE, an Individual; on Her Own Behalf and on Behalf of All Others Similarly Situated, | EDEBITPAY, L.L.C., a Nevada Corporation; PLATINUM ONLINE GROUP, LLC, a California Corporation; UNIFIED SAVINGS, a Wyoming Corporation; DALE PAUL CLEVELAND, an Individual; WILLIAM RICHARD WILSON, an Individu |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Mike Arias, Esq. (CSB #115385) ARIAS OZZELLO & GIGNAC LLP 6701 Center Drive West, Suite 1400 Los Angeles, California 90045 (310) 670-1600 | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff  ☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant  ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes   ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☒ Yes  ☐ No   ☒ MONEY DEMANDED IN COMPLAINT: $ _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

VIOLATION OF THE ELECTRONIC FUNDS TRANSFER ACT (15. U.S.C. §1693e); VIOLATION OF THE CONSUMERS LEGAL REMEDIES ACT (CAL. CIV. CODE §§1750, et seq.);VIOLATION OF CAL. BUS. AND PROF. CODE §§17200, et seq.; Conversion; Fraud and Deceit; Invasion of Privacy.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☒ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE/ PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury- Med Malpractice | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury- Product Liability | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 443 Housing/Acco- mmodations | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | IMMIGRATION | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus- Alien Detainee | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety/Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | FEDERAL TAX SUITS |
| | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS - Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**FOR OFFICE USE ONLY:** Case Number: ___ CV11- 06738

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a).   IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?   [X] No   [ ] Yes

If yes, list case number(s): _____

**VIII(b).   RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?   [X] No   [ ] Yes

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)   [ ] A. Arise from the same or closely related transactions, happenings, or events; or

[ ] B. Call for determination of the same or substantially related or similar questions of law and fact; or

[ ] C. For other reasons would entail substantial duplication of labor if heard by different judges; or

[ ] D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.

[ ] Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.

[ ] Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | Nevada, Wyoming |

(c)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.

**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _____   Date August 16, 2011

Notice to Counsel/Parties:  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

CV-71 (05/08)   **CIVIL COVER SHEET**   Page 2 of 2