1  Mike Arias (State Bar No. 115385)
2  marias@aogllp.com
   Denis M. Delja (State Bar No. 256126)
3  dmdelja@aogllp.com
4  **ARIAS OZZELLO & GIGNAC LLP**
   6701 Center Drive West, Suite 1400
5  Los Angeles, California 90045
6  Telephone:   (310) 670-1600
   Facsimile:   (310) 670-1231
7  *Attorneys for Plaintiff and the*
8  *Putative Class*

9  Michael L. Mallow (SBN 188745)
10 mmallow@loeb.com
   Christine M. Reilly (SBN 226388)
11 creilly@loeb.com
12 **LOEB & LOEB LLP**
   10100 Santa Monica Boulevard, Suite 2200
13 Los Angeles, California 90067
14 Telephone:  (310) 282-2000
   Facsimile:  (310) 282-2200
15 *Attorneys for Defendants EDebitPay, LLC;*
16 *Platinum Online Group, LLC; Dale Paul*
   *Cleveland; and William Richard Wilson*
17

18              **UNITED STATES DISTRICT COURT**

19              **CENTRAL DISTRICT OF CALIFORNIA**

20

| | |
|---|---|
| ANITA WHITE, | CASE NO. CV11-06738 CBM (FFMx) |
| Plaintiff, | **CLASS ACTION** |
| vs. | **PARTIES' FED. R. CIV. P. 26 REPORT** |
| EDEBITPAY, LLC, et al., | |
| Defendants. | Event:   Scheduling Conference |
| | Date:    February 13, 2012 |
| | Time:    10:00 a.m. |

27

28

---

**PARTIES' FED. R. CIV. P. 26 REPORT**

Pursuant to Federal Rule of Civil Procedure 26(f), L.R. 26-1, this Court's Standing Order [Docket #3]; and the Minute Order Setting Scheduling Conference [Docket #16], Plaintiff Anita White ("Plaintiff") and Defendants EDebitPay, LLC; Platinum Online Group, LLC; Dale Paul Cleveland; and William Richard Wilson (collectively, the "EDP Defendants"), by and through their respective counsel, hereby submit this joint report.

# I.

## THIS COURT'S STANDING ORDER
## AND SCHEDULING ORDER TOPICS

### A.   Each Parties' Brief Statement of the Case

#### 1.   Plaintiff's Statement

This action and the Demand for Jury Trial were filed on August 16, 2011. Plaintiff is a senior citizen who alleges that she was the victim of internet scams perpetrated by Defendants.  Specifically, the EDP Defendants and Defendant Unified Savings unlawfully obtained Plaintiff's checking account information when she applied for an on-line payday loan.  The Defendants used Plaintiff's bank account information to generate "remotely created checks" in attempts to fraudulently withdraw hundreds of dollars from Plaintiff's account, purportedly for membership in sham "coupon" clubs that Plaintiff never joined.  Defendants' conduct violated the Electronic Funds Transfer Act (15 U.S.C. § 1693e), the Consumers Legal Remedies Act (Cal. Civ. Code §§ 1750, et seq.), and the Unfair Competition Law (Cal. Bus. & Prof. Code § 17200, et seq.).  Plaintiff has further alleged common law claims for conversion, fraud, and invasion of privacy. Plaintiff seeks to represent a class of similarly defrauded consumers.

#### 2.   EDP Defendants' Statement

 EDP Defendants deny the allegations.  EDP does not offer payday loans to consumers.  It is not a lender.  Rather, to the best of their knowledge, third-party marketing affiliates offer loans to consumers. Each of the Plaintiffs entered the

**PARTIES' FED. R. CIV. P. 26 REPORT**

marketing affiliate network through different websites owned and operated by different third-party affiliates.  Through certain online interactions and/or transactions controlled by Plaintiffs while using third-party affiliate websites, Plaintiffs were directed to EDP's Saving Pays Club website.  To the best of their knowledge, Defendants did not collect any monies from the named Plaintiff, which raises issues of standing in this case.

### 3.   Defendant Unified Savings

Plaintiff's pre-filing investigation led Plaintiff to believe that Defendant Unified Savings was affiliated with the EDP Defendants.  Plaintiff subsequently learned that Defendant Unified Savings is engaged in an online scam that is similar to, but separate and apart from, the alleged scam perpetrated by the EDP Defendants.  Further investigation has revealed that "Unified Savings" is, in fact, a fictitious name used by the entity Direct Benefits Group, LLC, and the summons and complaint are out for service.   EDP Defendants have no affiliation with Defendant Unified Savings.

### B.   Basis for Subject Matter Jurisdiction

This Court has jurisdiction over this action pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d).  The aggregated claims of the individual class members exceed the sum or value of $5,000,000, exclusive of interests and costs, and more than two-thirds of the proposed plaintiff class, on the one hand, and Defendants, on the other hand, are citizens of different states.  This Court also has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as the claim under the Electronic Funds Transfer Act arises from federal law.

### C.   Brief Description of the Key Legal Issues

The key legal issues are whether this case is appropriate for class treatment, whether Defendants' attempts to withdraw funds from Plaintiff's checking account were unlawful, and whether the putative class members consented to the transaction.

### D.   <u>Plaintiff's Estimate of the Realistic Range of Probable Damages</u>

Plaintiff anticipates that there are potentially two damages subclasses in this case:  Consumers who allegedly incurred damages in the form of unauthorized "membership application charges" of roughly $99 that Defendants withdrew from their checking accounts (the "Application Charge Subclass"). Additionally, there are numerous consumers, including Plaintiff, who allegedly did not have sufficient funds in their checking accounts to pay the $99 application charge that Defendants attempted to withdraw.  These consumers allegedly incurred substantial non-sufficient funds charges when the unauthorized Remotely Created Checks that were generated by Defendants bounced (the "NSF Subclass").  As to the EDP Defendants, the total compensatory damages for the Application Charge Subclass and the NSF Subclass is alleged to exceed amount-in-controversy requirements.  Plaintiff does not yet have sufficient information to calculate the compensatory damages for which Defendant Unified Savings may be liable.

In addition to these special damages, Plaintiff and the Plaintiff class claim entitlement to non-economic damages for mental suffering, anxiety, and emotional distress caused by Defendants unlawfully making withdrawals from their checking accounts.  Plaintiff and the Plaintiff class also claim to be entitled to statutory attorneys' fees, and a subclass of senior citizens may be entitled to statutory damages of $5,000.00 per defrauded senior.

Defendants, on the other hand, deny that Plaintiffs are entitled to any relief or that Plaintiffs have been damaged.

### E.   <u>Prospects of Settlement</u>

The parties participated in a private mediation on January 24, 2012, along with plaintiffs in the related action *Deffenbaugh, et al. v. EDebitPay, L.L.C., et al.*, CV-11-3024 (EMC) (the "*Deffenbaugh* Action") (see Notice of Pendency of Other Action [Docket #18]), in an effort to globally resolve both actions.  The cases did

not settle at the mediation, but the parties in this and the *Deffenbaugh* Action are continuing to discuss a potential resolution of the two cases.

One of the major obstacles to settlement in this case is the poverty of the EDP Defendants, who are subject to a $3.78 million judgment that has been entered in an action brought against them by the Federal Trade Commission. Although there is an insurance policy that may provide limited coverage for some of the claims in this and the *Deffenbaugh* Action, the policy limits are far below the potential damages.  To complicate matters further, the policy is a "wasting" or "self-liquidating" policy in which the limits are *inclusive* of defense costs.  In light of the above, the parties in this and the *Deffenbaugh* Action are attempting to determine whether this case can be litigated and/or resolved in a cost-effective manner that preserves as much of the policy as possible for the putative class.  The parties agree that this action and the *Deffenbaugh* Action should be consolidated. The EDP Defendants believe that the *Deffenbaugh* Action should be transferred to this Court, as the EDP Defendants and their counsel are located in this District, White counsel are located in this District, most all documents and evidence are located in this District, and half of the named plaintiffs in the two Actions reside in this District.  The parties in both Actions are discussing possible consolidation.

### F.   Likelihood of Additional Parties

Plaintiff has propounded discovery on the EDP Defendants regarding the identity of the third-party payment processor and depositary bank involved in the withdrawals from Plaintiff's bank account.  Plaintiff intends to add these parties as named defendants in this case.

### G.   Manual of Complex Litigation

The parties do not foresee this case presenting unusual complexities not ordinarily found in class action cases, and do not propose the use of any procedures from the Manual for Complex Litigation at this time.

/ / /

**PARTIES' FED. R. CIV. P. 26 REPORT**

**H.**   **Proposed Completion Date for All Discovery**

The parties agree that discovery in this action should be coordinated with the first-filed *Deffenbaugh* Action, so as to avoid unnecessary duplication of defense costs and needless consumption of the self-liquidating insurance policy. To that end, the parties propose that the discovery and all other deadlines in this action mirror those in the *Deffenbaugh* Action. The proposed date for completion of all discovery in the *Deffenbaugh* Action is May 17, 2013. A copy of the Joint Case Management Statement that was recently filed in the *Deffenbaugh* Action is attached hereto as Exhibit "A".

**I.**   **Contemplated Motions**

Plaintiffs will file a Motion for Class Certification, and propose that the deadline for filing the motion mirror the September 21, 2012 deadline proposed in *Deffenbaugh* Action. *See* Exhibit "A".

EDP Defendants may file a motion for summary judgment and/or summary adjudication and/or a motion for judgment on the pleadings.

**J.**   **Trial Type, Estimated Length, and Trial Attorneys**

Plaintiff requests a jury trial. The parties are unable to provide a reasonable estimate of the length at this time due to the fact that discovery in this action and the *Deffenbaugh* Action is still in the early stages.

Mike Arias and Denis Delja will try the case for Plaintiff. Michael Mallow and Christine Reilly will try the case for the EDP Defendants.

**K.**   **Proposed Dates for Pre-Trial Conference and Trial**

The parties again propose mirroring the pre-trial conference and trial dates proposed in *Deffenbaugh* Action, which are to be set 30 and 75 days, respectively, after the Court's ruling on dispositive motions. The proposed deadline for filing dispositive motions in the *Deffenbaugh* Action is June 28, 2013. *See* Exhibit "A".

/ / /

/ / /

**PARTIES' FED. R. CIV. P. 26 REPORT**

**L.**   **Depositions, Written Discovery, and Experts**

Plaintiff propounded discovery on the EDP Defendants the day after the parties conducted their Rule 26 conference.  The discovery seeks information on the payment processor and depositary bank involved in the attempts to withdraw funds from Plaintiff's checking account, as well as contact information for the class members so that Plaintiff can begin interviewing percipient witnesses. Responses to this written discovery are currently due on February 29, 2012.

The parties have not yet set depositions, nor have the parties determined the number of experts that will be called at trial.  As discussed above in Section I.E & I.H, the parties are attempting to coordinate discovery in this action with the *Deffenbaugh* Action so as to avoid consuming the self-liquidating insurance policy with unnecessary defense costs.

**M.**   **Proceeding before a Magistrate**

The parties do not consent to proceeding before a magistrate.

**II.**

**RULE 26(f)(3) DISCOVERY PLAN**

**A.**   **Initial Disclosures**

The parties will exchange initial disclosures on February 9, 2012, which is the date disclosures are to be exchanged in the *Deffenbaugh* Action.

**B.**   **Sequencing and Subjects for Discovery**

Plaintiff does not request bifurcation of discovery.  Plaintiff will require discovery on the identities of class members, EDP Defendants' business practices, and information regarding the allegedly fraudulent withdrawals and attempted withdrawals.  EDP Defendants would like to bifurcate discovery if this case moves forward and focus on class certification discovery first.

**C.**   **Issues Regarding Electronically Stored Information**

The parties have not identified any issues regarding electronic discovery. The EDP Defendants have agreed to produce electronic documents in TIF format

Page 7

**PARTIES' FED. R. CIV. P. 26 REPORT**

1  with accompanying load files.  Plaintiffs reserve their right to seek production of
2  specific documents in native format, if necessary.

3       **D.**    **Issues Regarding Privilege and the Need for a Protective Order**

4      The parties agree that the exchange of personal contact information of class
5  members involves protected privacy interests.  Plaintiff proposes that those
6  interests can be addressed through a protective order designating the class
7  members' contact information as confidential.  *See*, *e.g.*, *Hill v. Eddie Bauer*, 242
8  F.R.D. 556, 563 (C.D. Cal. 2007).

9       **E.**    **Changes to Discovery Limitations**

10      The parties do not propose any additional changes or limitations to
11  discovery at this time.

12       **F.**    **Other Orders**

13      The parties do not propose any additional orders at this time.

14

15  DATED: February 6, 2012        **ARIAS OZZELLO & GIGNAC LLP**

16                        By: /s/ Denis M. Delja
17                          Mike Arias
18                          Denis M. Delja
19                          *Attorneys for Plaintiff*

20

21  DATED: February 6, 2012        **LOEB & LOEB LLP**

22                        By: /s/ Christine M. Reilly
23                          Michael L. Mallow
24                          Christine M. Reilly

25                          *Attorneys for Defendants EDebitPay, LLC;*
26                          *Platinum Online Group, LLC; Dale Paul*
27                          *Cleveland; and William Richard Wilson*

28

**PARTIES' FED. R. CIV. P. 26 REPORT**