Codged Proposed Order

FILED
2013 AUG -9 PM 3:13
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY: ______

JOHN D. JACOBS, Bar No. 134154
jjacobs@ftc.gov
Federal Trade Commission
10877 Wilshire Boulevard, Suite 700
Los Angeles, CA 90024
(310) 824-4343 (tel.)
(310) 824-4380 (fax)

THOMAS C. GOODHUE
tgoodhue@ftc.gov
FRANK M. GORMAN
fgorman@ftc.gov
JAMES A. KOHM
jkohm@ftc.gov
Division of Enforcement
Bureau of Consumer Protection
Federal Trade Commission
600 Pennsylvania Ave., NW Rm. M-8102B
Washington, DC 20580

(202) 326-2520 (tel.) (Goodhue)
(202) 326-2156 (tel.) (Gorman)
(202) 326-2640 (tel.) (Kohm)
(202) 326-2558 (fax)

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

ANITA WHITE, et al.,

Plaintiffs,

vs.

EDEBITPAY, L.L.C., et al.,

Defendants.

Case No. : 2:11-cv-06738-CBM-FFM

**NOTICE OF MOTION AND MOTION OF FEDERAL TRADE COMMISSION FOR LEAVE TO FILE BRIEF AS AMICUS CURIAE**

Date: September 9, 2013
Time: 11:00 a.m.
Judge: Hon. Consuelo B. Marshall

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

Please take notice that on September 9, 2013, or as soon thereafter as counsel may be heard by the Court, the Federal Trade Commission ("FTC") will and hereby does move the Court for leave to file the attached brief as *Amicus Curiae*.[1] The FTC – one of the nation's chief consumer protection agencies – has a broad mandate to prevent "unfair or deceptive acts or practices in or affecting commerce." 15 U.S.C. § 45 (a). As part of its mission, the FTC seeks to halt deceptive marketing and unauthorized billing. The Commission has brought many cases against companies who deceptively market their products or bill consumers without authorization.[2] The FTC thus has considerable expertise in issues related to unauthorized billing and deceptive marketing that may be useful to this Court in evaluating whether the settlement in this case is fair, reasonable, and adequate.

The FTC has also studied how to best protect consumer interests in the class action context and has a tradition of filing *amicus* briefs commenting on potentially

[1] The FTC makes this motion following the FTC's conference with attorneys for Plaintiffs on August 5, 6, and 7, and following the FTC's conference with counsel for Defendants on August 5.

[2] *See e.g.*, *FTC v. Inc21.com Corp.*, 745 F. Supp. 2d 975 (N.D. Cal. 2010), *aff'd* 475 Fed. App'x 106 (9th Cir. 2012); Stipulated Order, *FTC v. Nationwide Connections and BSG Clearing Solutions*, No. 06- 80180 (S.D. Fla. Sept. 18, 2008); Stipulated Order, *FTC v. Websource Media, LLC*, No. H-06-1980 (S.D. Tex. July 17, 2007).

unfair class settlements.[3] Importantly, the FTC represents the public interest, in contrast to the parties to this litigation, who represent their own interests. The distinction between public and private interests – and its implications for aiding the court – is evidenced, *inter alia*, by the fact that in the courts of appeals, where *amicus* briefs are routinely filed, a United States agency like the Commission may file an *amicus curiae* brief as a matter of right, whereas non-government *amicus curiae* are required to obtain either consent of the parties or leave of the court. *See* FRAP Rule 29. Moreover, as outlined in the FTC's brief, the settlement has serious implications for consumers that the parties have not addressed, including the fact that the settlement would extinguish tens of millions of dollars in claims against the defendants for a mere $1 million payment, virtually none of which will go to class members. The settlement's notice process is also fundamentally flawed, as it relies primarily on sending inadequate notices to addresses obtained from outdated records.

---

[3] For example, the FTC recently filed a brief in *Moore v. Verizon Communications, Inc., et al. See* FTC's Brief as *Amicus Curiae, Moore v. Verizon Communications, Inc., et al.*, CV-09-1823 SBA (N.D. Cal. Aug. 17, 2012), available at http://www.ftc.gov/os/2012/08/120817mooreverizonamicusbrief.pdf. The FTC also filed a brief as *amicus curiae, Vassalle v. Midland Funding*, 3:11-cv-00096 (N.D. Oh. June 11, 2011), available at http://www.ftc.gov/os/2011/06/110621midlandfunding.pdf (challenging, among other things, a broad release of claims). For a list of additional *amicus* filings, see http://www.ftc.gov/bcp/workshops/classaction/index.shtm.

The FTC's focus on consumer welfare, objectivity, and subject matter expertise make it uniquely situated to comment on the settlement in this case. *See e.g.*, *Congregation Etz Chaim v. City of Los Angeles*, No. CV-97-5042 CAS (EX), 2009 WL 1293257, at *5 (C.D. Cal. May 5, 2009) ("an individual or organization seeking to participate as *amicus curiae* must 'make a showing that his participation is useful to or otherwise desirable to the court"); *Woodfin Suite Hotels, LLC v. City of Emeryville*, No. C-06-1254, 2007 WL 81911, at *3 (N.D. Cal. Jan. 9, 2007) (explaining that "an individual seeking to appear as amicus must merely make a showing that his participation is useful or otherwise desirable to the court") (internal citations and quotations omitted); *Sonoma Falls Developers, LLC v. Nevada Gold & Casinos, Inc.*, 272 F. Supp. 2d 919, 925 (N.D. Cal. 2003) (explaining that amicus status may be granted "concerning legal issues that have potential ramifications beyond the parties directly involved or if the amicus has 'unique information or perspective that can help the court beyond the help that lawyers for the parties are able to provide.'") (internal citations omitted); *cf. In re Roxford Foods Litig.*, 790 F. Supp. 987, 997 (E.D. Cal. 1991) (granting amicus status to a government agency where, among other things, agency had oversight authority of act being interpreted). Accordingly, the court should grant the FTC amicus status.[4]

[4] The FTC also requests the Court allow it to appear at the Final Approval Hearing.

Dated: August 9, 2013

Respectfully submitted,

/s/ Thomas C. Goodhue
Thomas C. Goodhue
Division of Enforcement
Bureau of Consumer Protection
Federal Trade Commission
600 Pennsylvania Avenue, NW, Rm. M-8102B
Washington, DC 20580
(202) 326-2520

JOHN D. JACOBS, Bar No. 134154
Federal Trade Commission
10877 Wilshire Boulevard, Suite 700
Los Angeles, CA 90024
(310) 824-4343

**CERTIFICATE OF SERVICE**

On August 9, 2013, I served a copy of the foregoing on the parties listed below via United States First Class Mail:

Mike Arias, Esq. (CA Bar No. 115385)
marias@aogllp.com
Denis M. Delja, Esq. (CA Bar No. 256126)
dmdelja@aogllp.com
**ARIAS OZZELLO & GIGNAC LLP**
6701 Center Drive West, 14th Floor
Los Angeles, California 90045-1558
Telephone: (310) 670-1600
Facsimile: (310) 670-1231

Karl S. Kronenberger (CA Bar No. 226112)
karl@KRInternetLaw.com
Jeffrey M. Rosenfeld (CA Bar No. 222187)
jeff@KRInternetLaw.com
**KRONENBERGER ROSENFELD, LLP**
150 Post Street, Suite 520
San Francisco, CA 94108
Telephone: (415) 955-1155
Facsimile: (415) 955-1158

*Attorneys for Plaintiffs*

MICHAEL L. MALLOW (CA Bar No. 188745)
mmallow@loeb.com
CHRISTINE M. REILLY (CA Bar No. 226388)
creilly@loeb.com
MEREDITH J. SILLER (CA Bar No. 278293)
msiller@loeb.com
LOEB & LOEB LLP
10100 Santa Monica Boulevard, Suite 2200
Los Angeles, California 90067-4120
Telephone: 310-282-2000
Facsimile: 310-282-2200

*Attorneys for Defendants*

Dated: August 9, 2013                    /s/    Thomas C. Goodhue