1
2
3
4
5
6
7
8

## UNITED STATES DISTRICT COURT

9

## CENTRAL DISTRICT OF CALIFORNIA

10 | ANITA WHITE, et al.,

CASE NO. 11-cv-06738-CBM (FFMx)

11

12 Plaintiffs,

HON. CONSUELO B. MARSHALL

13 vs.

**ORDER AND FINAL JUDGMENT**

14 | EDEBITPAY, L.L.C., et al.,

15 Defendants.

16
17
18

## ORDER AND FINAL JUDGMENT

19      On April 19, 2013, Plaintiffs Anita White and Deborah Deffenbaugh

20 ("Plaintiffs") filed a motion seeking certification of a settlement class and

21 preliminary approval of a class action settlement [Docket No. 75] entered into

22 between Plaintiffs and Defendants EDebitPay, LLC ("EDP"), Platinum Online

23 Group LLC ("POG"), Dale Paul Cleveland, and William Richard Wilson

24 (collectively, "Defendants"). The proposed settlement, which would resolve the

25 claims asserted in this action on a classwide basis, is reflected in the Class Action

26 Settlement Agreement and Release (the "Settlement Agreement") which was

27 submitted to the Court on April 19, 2013 [Docket No. 75-2].

28

Plaintiffs' motion for certification of a settlement class and for preliminary approval of a class action settlement came on for hearing on May 20, 2013 at 11:00 a.m. before this Court. [Docket No. 79.]  The Court, after considering the motion and reviewing the terms of the Settlement Agreement, found that the proposed settlement appeared sufficiently fair, reasonable, and adequate to warrant dissemination of class notice of the proposed settlement and to schedule a formal fairness hearing. [Docket No. 80.]  The Court additionally found that the Settlement Agreement contained no obvious deficiencies and that the Plaintiffs and Defendants (jointly, the "Parties") entered into the proposed settlement in good faith, following arm's length negotiations between their respective counsel. [Docket No. 80.]

The Court granted Plaintiffs' motion for preliminary approval in an Order dated May 20, 2013 and entered on May 21, 2013 (the "Preliminary Approval Order"). [Docket No. 80.]  Pursuant to the Preliminary Approval Order, the Court, among other things: (i) preliminarily certified a class of plaintiffs (the "Settlement Class") with respect to the claims asserted in this action; (ii) preliminarily approved the proposed settlement; (iii) appointed Plaintiffs as the class representatives; (v) appointed Arias Ozzello & Gignac LLP and Kronenberger Rosenfeld, LLP as counsel for the Settlement Class ("Class Counsel"); (vi) approved the form, content and dissemination of notice proposed in the Settlement Agreement; (vii) appointed KCC Class Action Services, LLC ("KCC") as settlement administrator to disseminate notice to the Settlement Class and administer the proposed settlement; (viii) ordered the dissemination of notice to the Settlement Class; and (ix) set the date and time of the final approval hearing to consider the fairness, reasonableness, and adequacy of the proposed settlement and Settlement Agreement.

On August 2, 2013, Plaintiffs filed their motion for final approval of class action settlement (the "Final Approval Motion"). [Docket No. 82.]  Pursuant to the

ORDER AND FINAL JUDGMENT (11-cv-06738-CBM (FFMx))

1  Final Approval Motion, Plaintiffs requested final certification of the Settlement

2  Class under Rule 23 of the Federal Rules of Civil Procedure and final approval of

3  the proposed class action settlement.

4        On August 2, 2013, Plaintiffs filed their application for an award of

5  attorneys' fees, reimbursement of expenses and plaintiff incentive awards (the "Fee

6  Motion"). [Docket No. 83.] Pursuant to the Fee Motion, Plaintiffs sought an order:

7  (i) awarding Arias Ozzello & Gignac LLP and Kronenberger Rosenfeld, LLP

8  $250,000 in attorneys' fees and; (ii) awarding Arias Ozzello & Gignac LLP

9  $7,518.70 in reasonable expenses that it had incurred during the prosecution of this

10 action; (iii) awarding Kronenberger Rosenfeld, LLP $4,242.15 in reasonable

11 expenses that it had incurred during the prosecution of this action; and (iv)

12 awarding Anita White and Deborah Deffenbaugh, as class representatives, an

13 incentive award of $2,500 each. [Docket No. 83.]

14       On August 9, 2013, the Federal Trade Commission ("FTC") filed a motion

15 for leave to file a brief as *amicus curiae* (the "FTC's *Amicus Curiae* Brief").

16 [Docket No. 84.] On August 30, 2013, Defendants filed an opposition to the

17 FTC's *amicus curiae* brief. [Docket No. 87.] On October 6, 2013, the Court

18 granted the FTC's motion for leave to file a brief as *amicus curiae*. [Docket No.

19 99.] On October 8, 2013, Plaintiffs filed a response to the FTC's brief as *amicus*

20 *curiae*. [Docket No. 103.]

21       On September 4, 2013, the Court issued a minute order requesting that Class

22 Counsel submit the following information to assist the Court in determining

23 whether the lodestar figure was reasonable: (i) itemized billing for all attorneys and

24 paraprofessionals that worked on this matter, organized by date and timekeeper;

25 (ii) evidence in support of the prevailing rate for each attorney and

26 paraprofessional, including citations to cases of prior awards; and (iii) biographies

27 of each attorney and paraprofessional, including how many years each professional

28 has been practicing and how long they have been practicing within their

1  specialized practice area. [Docket No. 90.]   Class Counsel submitted the

2  information requested by the Court on September 11, 2013. [Docket Nos. 93 and

3  94.]

4  On September 5, 2013, the Court issued a minute order continuing the

5  hearing on the Final Approval Motion and the Fee Motion from September 9, 2013

6  at 11:00 a.m. to September 10, 2013 at 9:00 a.m. and setting the hearing on the

7  FTC's *Amicus Curiae* Brief for September 10, 2013 at 9:00 a.m. [Docket No. 91.]

8  On September 6, 2013, the Court, on its own motion, issued an order

9  continuing the hearing on the Final Approval Motion, the Fee Motion and the

10  FTC's *Amicus Curiae* Brief to October 9, 2013 at 3:30 p.m. [Docket No. 92.]

11  The Court was open and available on September 9, 2013 at 11:00 a.m. in

12  case any members of the Settlement Class appeared for the final approval hearing

13  that was continued.   No members of the Settlement Class appeared before the

14  Court on September 9, 2013.

15  On October 1, 2013, the FTC filed an *ex parte* application requesting that the

16  Court vacate the October 9, 2013 hearing date and indefinitely stay this action until

17  such time that FTC attorneys could lawfully resume their usual civil litigation

18  functions. [Docket No. 95.]  On October 3, 2013, the Court issued a minute order

19  requesting that Plaintiffs and Defendants file a response to the FTC's *ex parte*

20  application by no later than October 4, 2013. [Docket No. 96.]   On October 3,

21  2013, Plaintiffs and Defendants filed a joint opposition to the FTC's *ex parte*

22  application. [Docket No. 97.]  On October 6, 2013, the Court denied the FTC's *ex*

23  *parte* application to continue the hearing on final approval until such time that FTC

24  attorneys could lawfully resume their usual civil litigation functions, in light of the

25  fact that the FTC had already submitted its position in its *amicus curiae* brief.

26  [Docket No. 99.]

27  On October 8, 2013, the Parties submitted to the Court an Addendum to the

28  Settlement Agreement (the "Addendum"). [Docket No. 101.]  The Addendum does

1   not alter any of the terms of the Settlement Agreement. [Docket No. 101.]
2   Instead, the Addendum clarifies and commemorates that Defendants will not use
3   the consumer contact information of Settlement Class members in the future.
4   [Docket No. 101.]   Specifically, the Addendum provides in relevant part:
5   "Defendants hereby confirm that Defendants had never intended to use, and in fact
6   shall not use, any consumer contact information associated with the Settlement
7   Class Members regarding the three Membership Programs (i.e., the Saving Pays
8   Membership, Century Platinum Membership, and USA Credit Membership) for
9   any purpose whatsoever, except as is necessary to comply with a court order or
10  government subpoena." [Docket No. 101.]

11      As set forth in the October 8, 2013 declaration of Jonathan D. Carameros, a
12  total of 1,715 timely unique claims were submitted by members of the Settlement
13  Class [Docket No. 100, at ¶ 6], no requests for exclusions were submitted by
14  members of the Settlement Class [Docket No. 100, at ¶ 7], and no objections were
15  submitted by members of the Settlement Class [Docket No. 100, at ¶ 8].

16      On October 9, 2013, a hearing pursuant to Fed. R. Civ. P. 23(e) was held
17  before this Court for the following purposes:

18          a.      to determine whether the Settlement Class satisfies the
19  applicable prerequisites for certification for settlement purposes under Fed. R. Civ.
20  P. 23(a) and (b);

21          b.      to determine whether the proposed settlement as reflected in the
22  Settlement Agreement [found at Docket No. 75-2] and as clarified by the
23  Addendum [found at Docket No. 101], is fair, reasonable, and adequate, and
24  should be finally approved by the Court;

25          c.      to determine whether a final judgment as provided under
26  Section X of the Settlement Agreement should be entered, and to determine
27  whether the release by the Class, as set forth in Paragraph 3 of Section X of the
28  Settlement Agreement, should be provided;

-5-

1            d.     to consider Plaintiffs' application for an award of attorneys'

2    fees, reimbursement of expenses and plaintiff incentive awards [Docket No. 83];

3    and

4            e.     to rule upon such other matters as the Court may deem

5    appropriate.

6         The Court having heard arguments on behalf of the Parties and having

7    reviewed and considered the Settlement Agreement, the Addendum, the Final

8    Approval Motion, the Fee Motion, the FTC's *Amicus Curiae* Brief, all of the

9    submissions presented with respect to the proposed settlement, and the record in

10   this action, does hereby:

11        **ORDER, ADJUDGE, AND DECREE THAT:**

12        1.     The Court, for purposes of this Order and Final Judgment ("Final

13   Judgment") adopts the capitalized terms and their definitions set forth in the

14   Settlement Agreement, as executed by the Parties and filed with the Court on April

15   19, 2013.  [Docket No. 75-2].

16        2.     The Court has personal jurisdiction over the Plaintiffs and all

17   members of the Settlement Class and the Court has subject matter jurisdiction to

18   approve the proposed settlement, the Settlement Agreement (including all exhibits

19   thereto), and the Addendum.

20        3.     The Court finds that the prerequisites of Rule 23(a) and Rule 23(b)(3)

21   of the Federal Rules of Civil Procedure have been satisfied in that: (i) the number

22   of members of the Settlement Class is so numerous that joinder of all members is

23   impracticable; (ii) there are questions of law and fact common to the Settlement

24   Class; (iii) the claims of the Plaintiffs are typical of the claims of the Settlement

25   Class; (iv) the Plaintiffs have represented, and will fairly and adequately represent,

26   the interests of the Settlement Class; (v) questions of law and fact common to the

27   Settlement Class predominate over any questions affecting only individual

28   members of the Settlement Class; and (vi) a class action is superior to other

**ORDER AND FINAL JUDGMENT (11-cv-06738-CBM (FFMx))**

1    available methods for the fair and efficient adjudication of the controversy.

2    4.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this

3    action is hereby certified, for settlement purposes only, as a class action on behalf

4    of the following Settlement Class with respect to the claims asserted in this action:

5    All individuals from whom Defendants collected

6    Membership Fees or who incurred Bank Account Fees in

7    connection with a collection or attempted collection of

8    Membership Fees from June 20, 2007 to May 21, 2013.

9    5.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court

10   hereby finally certifies plaintiffs Anita White and Deborah Deffenbaugh

11   ("Plaintiffs") as the representatives of the Settlement Class.

12   6.    Pursuant to Rule 23(g) of the Federal Rules of Civil Procedure, the

13   Court hereby appoints Arias Ozzello & Gignac LLP and Kronenberger Rosenfeld,

14   LLP as counsel to the Settlement Class ("Class Counsel").

15   7.    The Court finds that Class Counsel and Plaintiffs adequately

16   represented the Settlement Class for purposes of entering into and implementing

17   the proposed settlement, the Settlement Agreement and the Addendum.

18   8.    As confirmed in the August 2, 2013 declaration of Jonathan D.

19   Carameros [Docket No. 82-3], the Claims Administrator has complied with the

20   notice process set-forth and approved by the Court in its Preliminary Approval

21   Order.   The Court finds that the form and method for notifying the Settlement

22   Class members of the proposed settlement and its terms and conditions was in

23   conformity with this Court's Preliminary Approval Order.

24   9.    The Court further finds that the form and method for notifying the

25   Settlement Class members of the proposed settlement and its terms and conditions

26   satisfied the requirements of Rule 23(c)(2)(B) and Rule 23(e)(1) of the Federal

27   Rules of Civil Procedure and due process, and constituted the best notice

28   practicable under the circumstances. The Court finds that the notice process was

designed to clearly and fully advise the Settlement Class members of their rights and constituted due and sufficient notice to all persons and entities entitled thereto. Further, the Court finds that the claims process set forth in the Settlement Agreement was followed and that the process was the best practicable procedure under the circumstances.

10.     The Court hereby finds that no request for exclusions or "opt-outs" have been submitted by any member of the Settlement Class and further finds that no objections to the proposed settlement have been submitted by any member of the Settlement Class.

11.     The Court hereby finds that the Settlement Agreement and Addendum were entered into in good faith and that Plaintiffs have satisfied the standards and applicable requirements for final approval of the proposed settlement under the Federal Rules of Civil Procedure, including Rule 23(e).

12.     The Court hereby grants final approval of the Settlement Agreement, the Addendum and the settlement described therein.  The Settlement Agreement, the Addendum and the proposed settlement are, in all respects, fair, reasonable, and adequate, in the best interests of the Settlement Class, and in compliance with all requirements of due process and applicable law.

13.     The Court directs that the settlement be consummated in accordance with the terms and conditions of the Settlement Agreement and the Addendum, except that the $60 Cash Payment set forth in Paragraph 1 of Section III of the Settlement Agreement is increased to $99.  The Court finds that this modification of the proposed settlement, which is made pursuant to the Parties' joint request, is permitted and warranted without the need to provide further notice to the Settlement Class or further notice to the United States Attorney General and the attorney general of each state pursuant to 28 U.S.C. § 1715 of the Class Action Fairness Act of 2005 because: (i) most claims which are at issue in this action stem from the imposition or attempted imposition of a $99 "membership fee"; (ii)

Paragraph 1 of Section III of the Settlement Agreement provides and advises class members that "the precise Cash Payment shall depend on the claims rate"; (iii) the total number of timely, unique claims submitted in this action are such that the Settlement Fund is sufficient to permit each of the 1,715 claimants to receive $99.

14.     The Court hereby orders that any unclaimed funds from the Settlement Fund after all Settlement Costs and Cash Payments are paid shall be distributed in a cy pres distribution to the National Consumer League, such that the entire Settlement Fund shall be distributed following this final approval of the settlement after the Effective Date.

15.     By no later than 7 days after the Effective Date, Defendants' insurer shall make a single payment of $1,000,000.00 to an account created by the Settlement Administrator.

16.     Upon entry of this Order, compensation to the Settlement Class Members who submitted timely and valid claims shall be affected pursuant to the terms of the Settlement Agreement.

17.     Class Counsel are hereby awarded $250,000.00 in attorneys' fees, which sum the Court finds to be fair and reasonable, and $11,760.85 in reimbursement of expenses.  The Court specifically finds that these fees and costs are reasonable in light of the benefit provided to the Settlement Class under the settlement.  This award and the reimbursement of expenses shall be paid from the Settlement Fund by the Settlement Administrator no later than 7 business days after the Effective Date.

18.     In addition to any recovery that the Plaintiffs may receive under the settlement and in recognition of the Plaintiffs' efforts on behalf of the Settlement Class, Plaintiffs Anita White and Deborah Deffenbaugh are hereby awarded $2,500.00 each as an incentive award directly related to Plaintiffs' representation of the Settlement Class.  This award shall be paid to Plaintiffs by the Settlement Administrator from the Settlement Fund via checks made out to "Anita White" and

1  "Deborah Deffenbaugh" delivered to Class Counsel no later than 7 business days

2  after the Effective Date.

3       19.     The Court determines that the Settlement Agreement and the

4  settlement provided for herein and any proceedings taken pursuant thereto are not

5  and should not in any event be offered or received as evidence of, a presumption,

6  concession, or an admission of liability or of any misrepresentation or omission in

7  any statement or written document approved or made by Defendants or any

8  Releasee or the suitability of these or similar claims to class treatment in active

9  litigation and trial; provided, however, that reference may be made to this

10  Settlement Agreement and the settlement provided for herein in such proceedings

11  as may be necessary to effectuate this Agreement.

12       20.     To the extent permitted by law and without affecting the other

13  provisions of this Final Judgment, this Final Judgment is intended by the Parties

14  and the Court as binding on and having *res judicata* and preclusive effect in all

15  pending and future lawsuits or other proceedings encompassed by the Release (as

16  set forth in Paragraph 29 of Section I of the Settlement Agreement) maintained by

17  or on behalf of Plaintiffs and all other members of the Settlement Class, as well as

18  their agents, heirs, executors or administrators, successors and assigns.

19       21.     The Court finds that Plaintiffs and the Settlement Class (whether or

20  not they submitted a timely and valid claim) have conclusively compromised,

21  settled, dismissed, and released any and all Released Claims against Defendants

22  and the Releasees.  Accordingly, on the Effective Date, Plaintiffs and all members

23  of the Settlement Class, shall be barred from asserting any Released Claims against

24  Defendants and/or any Releasee.

25       22.     The Court bars and permanently enjoins all members of the

26  Settlement Class from: (i) filing, commencing, prosecuting, intervening in or

27  participating as a plaintiff, claimant or class member in any other lawsuit or

28  administrative, regulatory, arbitration or other proceeding against Defendants in

ORDER AND FINAL JUDGMENT (11-cv-06738-CBM (FFMx))

any jurisdiction based on, relating to or arising out of the claims and causes of action or the facts and circumstances giving rise to the Lawsuits, the Consolidated Action and/or the Released Claims; (ii) from filing, commencing or prosecuting a lawsuit or administrative, regulatory, arbitration or other proceeding against Defendants as a class action on behalf of any Settlement Class Members who have not timely excluded themselves (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action), based on, relating to, or arising out of the claims and causes of action or the facts and circumstances giving rise to the Lawsuits, the Consolidated Action and/or the Released Claims; and (iii) from organizing Settlement Class Members who have not been excluded from the class into a separate class for purposes of pursuing as a purported class action any lawsuit or arbitration or other proceeding (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action) against Defendants based on, relating to, or arising out of the claims and causes of action or the facts and circumstances giving rise to the Lawsuits, the Consolidated Action, and/or the Released Claims.

23.     The Court hereby dismisses the "Doe" defendants with prejudice.

24.     The Lawsuits and the Consolidation Action (including all individual and class claims presented thereby) shall be and are hereby dismissed with prejudice on the merits and in full and final discharge of any and all such claims, without fees or costs except as specifically provided herein.

//

//

//

//

//

//

ORDER AND FINAL JUDGMENT (11-cv-06738-CBM (FFMx))

1 | //

2 | 25.     This Order is intended to be a final judgment disposing of the above

3 | captioned action in its entirety, including the Lawsuits and the Consolidated

4 | Action.

5 | 26.     This Court retains jurisdiction over the parties and the Settlement

6 | Class Members for all matters relating to this action, including the administration,

7 | interpretation, effectuation or enforcement of the Settlement Agreement, the

8 | Addendum and this Order and Final Judgment.

9 |

10 | **IT IS SO ORDERED.**

11 |

12 | Dated: _12/3/2013_

13 |

14 | By: _____

15 | The Honorable Consuelo B. Marshall
United States District Court Judge

16 | CC:FISCAL

**ORDER AND FINAL JUDGMENT (11-cv-06738-CBM (FFMx))**